UNITED STATES of America

v.

Stanley FOOTE, also known as Murder, Stanley Foote, Appellant.

No. 10–3607.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) July 11, 2011.

Filed: July 21, 2011.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

Michael N. Pedicini, Esq., Morristown, NJ, for Appellant.

Before: RENDELL, SMITH, and FISHER, Circuit Judges.

OPINION

SMITH, Circuit Judge.

Stanley Foote pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The United States District Court for the District of New Jersey sentenced him to, *inter alia,* 110 months of imprisonment. This timely appeal followed.[1] We will affirm.

Foote contends that the District Court committed legal and factual error in applying a four-level sentencing enhancement under United States Sentencing Guideline § 2K2.1(b)(6).[2] According to Foote, the District Court improperly placed the burden on him of proving that the enhancement did not apply. In addition, Foote contends that the District Court committed clear error as it could not have found that he had reason to believe that the firearm would be used or possessed in connection with a drug transaction. Foote appropriately recognizes that we "review factual findings relevant to the Guidelines for clear error and ... exercise plenary review over a district court's interpretation of the Guidelines." *United States v. Grier,* 475 F.3d 556, 570 (3d Cir.2007) (en banc).

"Proper application of the four-level enhancement under § 2K2.1(b)(6) requires finding, by a preponderance of the evidence," that the defendant transferred a firearm with a reason to believe that it would be used or possessed in connection with another felony offense. *United States v. West,* 643 F.3d 102, 110 (3d Cir. 2011). After consideration of the record, we conclude that the District Court properly applied this enhancement. It did not, contrary to Foote's assertion, shift the burden to Foote to disprove the applicability of the enhancement. Its questions were simply part of its exchange with counsel prior to ruling on Foote's objection to the enhancement.

Nor are we persuaded that the District Court committed clear error. Foote did

---

1. The District Court exercised jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

2. Section 2K2.1(b)(6) provides for a four-level enhancement "[i]f the defendant ... transferred any firearm ... with knowledge, intent, or reason to believe that it would be used or possessed in·connection with another felony offense[.]" U.S.S.G. § 2K2.1(b)(6).

158

not take issue with the presentence report's factual averments, which established that he either brokered or sold drugs on a number of occasions to a confidential informant in quantities indicative of the informant's intent to distribute, and that he subsequently sold a firearm to this same individual. Foote argued that, because the drug and firearm transactions were separate and distinct, the evidence failed to demonstrate that he knew or reasonably believed that the firearm would be used in another felony offense. The District Court rejected Foote's argument. Citing Foote's "interactions with the confidential source before" the date of the firearm sale, the Court declared that Foote "knew that when he sold that weapon to the [confidential informant] that it, more likely than not, would be used together or as an assistance to ... the [informant's] drug trafficking." This finding is a permissible view of the evidence. In the absence of clear error, there is no reason to disturb the District Court's determination that the enhancement applied.

We will affirm the judgment of the District Court.